NOT FOR PUBLICATION (Doc. No. 2)

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW JERSEY
CAMDEN VICINAGE

|  |  |
|---|---|
| NEW JERSEY REGIONAL COUNCIL OF CARPENTERS and NEW JERSEY CARPENTERS FUNDS and the TRUSTEES THEREOF, <br><br> Petitioners, <br><br> v. <br><br> R. MESMER, LLC d/b/a ROBERT MICHAELS GROUP, LLC, <br><br> Respondents. | Civil No. 16-2881 (RBK/AMD) <br><br> **OPINION** |

**Kugler**, United States District Judge:

This matter comes before the Court upon New Jersey Regional Council of Carpenters and New Jersey Carpenters Funds and the Trustees thereof ("Petitioners")'s Motion to Confirm Arbitration Award (Doc. No. 2). For the reasons expressed herein, Plaintiff's motion is **DENIED**.

I.   BACKGROUND

This case arises from Petitioners' Motion to Confirm Arbitration Award and Entry of Judgment filed on May 20, 2016. (Doc. No. 2). Two Defendants were named in this Petition: R. Mesmer, LLC ("Mesmer, LLC"), and Mesmer, LLC's alleged alter ego corporation, Robert Michaels Group, LLC ("Michaels Group"). *Id.*

Petitioners and Mesmer, LLC signed a two-job Collective Bargaining Agreement ("CBA") along with a Short Form Agreement ("SFA") on or about September 26, 2012.

1

Petitioners' Br., at 2 (Doc. 11). Mesmer, LLC was the only contractor listed as the signatory. *Id.* Petitioners argue that from December 25, 2012 through April 9, 2013, Mesmer, LLC employed union carpenters in the performance of CBA-covered work on the Voorhees and Bayonne Firehouse Jobsites. Parsons Cert., Ex. H (Doc. No. 11-1). During this time, Mesmer, LLC violated the CBA and SFA by not paying benefits to the Funds on behalf of its union employees, accruing a delinquency to the Funds of $182,541.38. Petitioners' Br., at 4. Pursuant to the CBA and SFA, the issue was submitted to arbitration in front of Permanent Arbitrator Pierson. *Id.*

On April 25, 2013, an Arbitration Award and Order was issued against Mesmer, LLC in the amount of $182,541.38. *See* Order Granting Mot. to Confirm or Vacate Arb. (No. 14-2850, Doc. No. 5). This Court confirmed that amount on June 23, 2014 and entered judgment against Mesmer, LLC in favor of the Petitioners. *Id.* However, Petitioners were not able to enforce this judgment and recover any monetary damages from Mesmer, LLC. Petitioners' Br., at 5. On January 15, 2016, Petitioners subpoenaed Robert Mesmer, Mesmer, LLC's principal, seeking testimony and written discovery regarding Mesmer, LLC's assets and its continuing operation. *Id.* Robert Mesmer failed to appear at the hearing, which signaled that Mesmer, LLC was no longer a viable business entity capable of paying damages. *Id.* Petitioners note that Robert Mesmer created Michaels Group on March 11, 2014, approximately 10 weeks prior to this Court's entry of a $182,541.38 judgment against Mesmer, LLC. *Id.* (citing Parsons Cert., Ex. C).

Petitioners claim that Robert Michaels Group is an alter ego of Mesmer, LLC and Mesmer, LLC is using Robert Michaels Group to avoid its obligation to pay the judgment awarded against it. *Id.* at 6. Michaels Group was not a signatory to any agreement between Petitioner and Mesmer, LLC. Resps.' Opp'n Br., at 4 (Doc. No. 7). Because of this, Respondents argue that no judgment can be confirmed against Robert Michaels Group. *Id.* at 4-5. However,

2

the CBA includes a double-breasting clause which states that "[t]he Employer represents that its members, officers, and supervisory personnel will not attempt to form or participate in the creation of or operation of new or double-breasted corporations for the purposes of avoiding the obligations of this Agreement." Pet. to Confirm Arb. Award, Ex. A, Article XIX (Doc. No. 1). Petitioners claim that Michaels Group was formed in order to avoid fulfilling Mesmer, LLC's obligations under the CBA. Petitioners' Br., at 7.

Petitioners argue that, because Michaels Group is an alter ego of Mesmer, LLC, the arbitrator had proper jurisdiction to enter a judgment against it as well. *Id.* Respondents dispute this claim, arguing that the arbitrator could not award a judgment against a nonsignatory party unless this Court determined that the nonsignatory party, Michaels Group, was an alter ego of the signatory party, Mesmer, LLC. Resps.' Opp'n Br., at 3. Respondents argue that the arbitrator did not possess jurisdiction over Michaels Group because this Court has yet to make that ruling. *Id.* Therefore, Respondents claim that this Court cannot confirm an arbitration award against Michaels Group. *Id.* at 4-5.

## II.      LEGAL STANDARD

Generally, "[a]n action to confirm an arbitration award cannot be used . . . to impose liability against a nonparty to the arbitration proceeding even where the nonparty is alleged to be an 'alter ego' of a party to the arbitration." *Doctor's Assocs. Inc. v. White*, Civ. No. 12-7393, 2014 WL 345349, at *2 (D.N.J. Jan. 30, 2014) (quoting *Dist. Council 1707 v. Ass'n of Black Soc. Workers Day Care*, Civ. No. 09-5773, 2010 WL 1049617, at *2 (S.D.N.Y. Mar. 22, 2010)). There are, however, exceptions to this rule. First, if the Court has already made a ruling that a nonparty is an alter ego to the parties in litigation, an arbitrator does not act outside the scope of his authority when attaching liability to the nonparty. *Laborers' Int'l Union v. Foster Wheeler*

3

*Corp.*, 868 F.2d 573, 577 (3d Cir. 1989). Second, if a nonsignatory entity to an arbitration agreement argues the merits of its double-breasting opinion to the arbitrator, the nonsignatory party waives any entitlement it may have had to a judicial determination of its alter ego status. *Duvall Contracting LLC v. New Jersey Bldg. Laborers' Dist. Council*, No. 11-2705, 2011 WL 6303388, at *3 (D.N.J. Dec. 16, 2011) (quoting *United Indus. Workers v. Gov't of V.I.*, 987 F.2d 162, 168 (3d Cir. 1993)). Finally, this rule does not apply when the defendants have not entered an appearance in the litigation. *Doctor's Assocs. Inc.*, 2014 WL 345349, at *2.

### III.  DISCUSSION

A plaintiff must satisfy a two element test in order to pierce the corporate veil or assert alter ego liability under New Jersey law: "(1) one corporation is organized and operated as to make it a mere instrumentality of another corporation, and (2) the dominant corporation is using the subservient corporation to perpetrate fraud, to accomplish injustice, or to circumvent the law." *Id.* (quoting *Pactiv Corp. v. Perk-Up, Inc.*, No. 08-5072, 2009 WL 2568105, at *5 (D.N.J. Aug. 18, 2009)). A court should consider multiple elements when determining alter ego status. They include: 1) substantial identity of management; 2) business purpose; 3) operation; 4) equipment; 5) customers; 6) supervision; and 7) ownership between the two corporations. *Eichleay Corp. v. Int'l Assoc. of Bridge, Structural and Ornamental Iron Workers*, 944 F.2d 1047, 1059 (3d Cir. 1991); *NLRB v. Al Bryant, Inc.*, 711 F.2d 543, 553 (3d Cir. 1983). The Court also considers whether there is "the existence of a disguised continuance or an attempt to avoid the obligations of a collective bargaining agreement through a sham transaction or a technical change in operations." *Al Bryant, Inc.*, 711 F.2d at 533.

This Court has not yet determined whether Michaels Group is an alter ego of Mesmer, LLC. Furthermore, as a nonsignatory to the CBA, Michaels Group did not argue the double-

breasted provision to the arbitrator. Michaels Group was not even present at the arbitration hearing. Finally, the Respondents did enter an appearance during the course of this litigation on June 15, 2016. Therefore, no exception to the general rule that an arbitrator cannot award a judgment against a nonsignatory to a CBA without this Court's initial ruling of alter ego status applies in the instant case.

**IV.     CONCLUSION**

Because this Court has yet to rule whether Michaels Group is an alter ego of Mesmer, LLC, Plaintiff's Motion to Confirm Arbitration Award is **DENIED**.


Dated: 10/06/2016                                                                               s/Robert B. Kugler
                                                                                                ROBERT B. KUGLER
                                                                                                United States District Judge